ORIGINAL

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| GLOBAL AVIATION HOLDINGS INC., ET AL.[1] | § | Case No. 13-12945 (MFW) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | Re: Docket No. 744 |

### ORDER (I) CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, (II) RELEASING KURTZMAN CARSON CONSULTANTS, LLC AS CLAIMS AND NOTICING AGENT FOR THE CLERK OF THE BANKRUPTCY COURT, AND (III) GRANTING RELATED RELIEF

Upon the Motion of the Debtors for Entry of an Order (i) Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code, (ii) Releasing Kurtzman Carson Consultants, LLC as Claims and Noticing Agent for the Clerk of the Bankruptcy Court, and (iii) Granting Related Relief (the "Motion");[2] and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, include: Global Aviation Holdings Inc. (2196); Global Shared Services, Inc. (1692); New ATA Acquisition Inc. (1985); New ATA Investment Inc. (2109); North American Airlines, Inc. (8792); World Air Holdings, Inc. (1036); and World Airways, Inc. (8276). The Debtors' corporate address is 101 World Drive, Peachtree City, Georgia 30269.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2. Pursuant to Section 1112(a) of the Bankruptcy Code, the Debtors' Chapter 11 Cases are hereby converted to cases under Chapter 7 of the Bankruptcy Code, effective as of the date of entry of this Order (the "Conversion Date").

3. If the Debtors have not already done so, the Debtors shall:

a. Within five (5) days of the Conversion Date, turn over to the Chapter 7 trustee all records and property of the estate under their custody and control as required by Fed. R. Bankr. P. 1019(4);

b. Within fifteen (15) days of the Conversion Date, file a schedule of unpaid debts incurred after commencement of the superseded cases including the name and address of each creditor, as required by Fed. R. Bankr. P. 1019(5);

c. Within fifteen (15) days of the Conversion Date, file the statements and schedules required by Fed. R. Bankr. P. 1019(1)(A) and 1007(b); and

d. Within thirty (30) days of the Conversion Date, file and transmit a final report and account as required by Fed. R. Bankr. P. 1019(5)(A) to the Office of the United States Trustee.

4. Subject to the completion of the tasks in paragraphs 5 and 6 below, Kurtzman Carson Consultants, LLC ("KCC") is hereby released and discharged as claims and noticing agent in the Debtors' bankruptcy cases effective on the Conversion Date and shall bear no further responsibility in the Debtors' bankruptcy cases other than as set forth herein.

5. Within fourteen (14) days of entry of this Order, KCC shall (a) forward to the Clerk of the Bankruptcy Court an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket a Final Claims Register. KCC shall further box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road,

Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

6. KCC shall cooperate in the transfer of any and all files and/or data in its possession to the Bankruptcy Court and the Debtors or their agent, and KCC shall be paid by the Debtors for such transition services in accordance with the terms of the Forbearance Stipulation, the Stipulation Extension, and the Court's *Order Authorizing Retention and Appointment of Kurtzman Carson, Consultants, LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a) and LBR 2002-1(f)* (Docket No. 66).

7. All current officers and directors of the Debtors are deemed to resign effective as of the Conversion Date; provided, however, a representative of the Debtors and, if requested by the chapter 7 trustee, counsel to the Debtors in these Chapter 11 Cases, shall appear at the first meeting of creditors after conversion of the Debtors cases pursuant to sections 341(a) and 343 of the Bankruptcy Code, and such representative shall be available to testify at such meeting.

8. Notwithstanding the Conversion Date and the conversion of the Chapter 11 Cases to cases under Chapter 7, the escrow agent for the Professional Fee Escrow is authorized and directed to make any disbursements on account of final fee applications for professional fees and expenses as approved and allowed by the Court.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: September 30, 2014.

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE